PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, ROBINSON
75 Southgate Avenue
Daly City, CA  94015
Telephone:      (415) 213-4098

Attorneys for Defendants
CITY OF PITTSBURG and GERRY GRANER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS STURGIS;<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF PITTSBURG, OFFICER GERRY GRANER, and DOES 1-10,<br><br>                  Defendants. | Case No. 3:26-cv-05201-AGT<br><br>**DEFENDANTS CITY OF PITTSBURG AND GERRY GRANER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Magistrate Judge Alex G. Tse<br><br>Date: August 28, 2026<br>Time: 10:00 a.m. |

**PLEASE TAKE NOTICE** that on August 28, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendants City of Pittsburg and Officer Gerry Graner will, and hereby do, move to dismiss Plaintiff Lamos Sturgis's Third and Fourth Causes of Action under Federal Rule of Civil Procedure 12(b)(6).

This motion is limited. Defendants do not move to dismiss Plaintiff's First Cause of Action for unreasonable seizure/false arrest or Plaintiff's Second Cause of Action for excessive force at this time. Instead, this motion challenges only: (1) the Third Cause of Action for unreasonable search based on the forced blood draw; and (2) the Fourth Cause of Action for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The Third Cause of Action fails because Plaintiff affirmatively alleges that Officer Graner applied for a blood draw warrant, a Contra Costa County Superior Court judge signed the

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

warrant, and the warrant authorized both the blood draw and the use of "reasonable force." Plaintiff does not allege facts showing that Officer Graner made any false statement or material omission to obtain the warrant. Plaintiff also does not allege facts showing that the blood draw itself was performed in an unreasonable medical manner, by an unqualified person, under unsafe conditions, or through unreasonable force. He alleges only that he did not consent and that the procedure was invasive. That does not state a Fourth Amendment claim. Blood draws are invasive by nature. The question is whether Plaintiff pleads facts showing this warrant-authorized blood draw was unreasonable. He does not.

The Fourth Cause of Action fails because Plaintiff pleads only formulaic *Monell* conclusions. He does not identify an unconstitutional City policy, a widespread custom, a pattern of similar incidents, deliberate indifference by a final policymaker, or facts showing that any City policy was the moving force behind his alleged injury. The Complaint describes one incident involving Plaintiff and then recites *Monell* buzzwords. That is not enough under *Twombly*, *Iqbal*, and Ninth Circuit authority.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file, matters of which the Court may take judicial notice, and any further argument the Court permits.

Dated: June 30, 2026                    CASTILLO, MORIARTY, ROBINSON, LLP


By: ___/s/ John Robinson_____
    PATRICK MORIARTY
    JOHN ROBINSON
    Attorneys for Defendants
    CITY OF PITTSBURG and GERRY GRANER

## I.    **INTRODUCTION**

Plaintiff Lamos Sturgis alleges that Officer Gerry Graner and other officers unlawfully detained him, used excessive force, and later obtained a warrant for a blood draw. For purposes of this motion only, Defendants accept the properly pleaded factual allegations as true. Defendants do not ask the Court to decide the factual disputes concerning Plaintiff's initial detention, arrest, or alleged force. Those issues are not the subject of this motion.

This motion is narrower. Plaintiff's Third Cause of Action challenges a warrant-authorized blood draw. But Plaintiff's own allegations defeat the claim as pleaded. He alleges that Officer Graner submitted an affidavit seeking a search warrant for Plaintiff's blood. (ECF 1 ¶ 23.) He further alleges that a Contra Costa County Superior Court judge signed the warrant authorizing the blood draw and permitting officers to use "reasonable force" to obtain Plaintiff's blood. (ECF 1 ¶ 24.) He then alleges that officers transported him to the Pittsburg Police Department, where his blood was drawn. (ECF 1 ¶ 25.)

Those allegations do not state a Fourth Amendment claim. Plaintiff does not identify any false statement in the warrant affidavit. He does not identify any material omission. He does not allege facts showing that the judge lacked a substantial basis to issue the warrant. He does not allege that the blood draw was performed by an unqualified person, in an unsafe manner, with an improper instrument, in an unsanitary setting, or with unreasonable force during the draw. He alleges only that he did not consent, objected, and was subjected to an "invasive medical procedure under the threat of force." (ECF 1 ¶ 26.) But the warrant supplied judicial authorization, and all blood draws are invasive. The Complaint must plead facts showing why this blood draw was unreasonable. It does not.

Plaintiff's *Monell* claim fails for similar reasons. Plaintiff sues the City of Pittsburg based on a list of generalized theories: inadequate training, inadequate supervision, failure to discipline, failure to investigate, unconstitutional customs, and improper policies regarding detention, arrest, force, and warrants. But he pleads no supporting facts. He identifies no policy. He identifies no final policymaker. He identifies no prior similar incidents. He identifies no pattern. He alleges no facts showing deliberate indifference. He alleges no facts showing that any City policy caused his

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1

CITY'S MTD
3:26-CV-05201-AGT

injury. The Fourth Cause of Action is a textbook example of a conclusory *Monell* claim.

The Court should dismiss the Third and Fourth Causes of Action.

## II.    RELEVANT ALLEGATIONS

Plaintiff alleges that on April 3, 2026, he was parked near Riverview Park Drive in Pittsburg after spending time fishing. (ECF 1 ¶ 7.) He alleges that Officer Graner approached him while he was seated in his vehicle, opened Plaintiff's driver's side door, placed his leg and foot inside the door, and demanded identification. (*Id*. ¶¶ 8-9.) Plaintiff further alleges that Officer Graner later ordered him out of the vehicle for a field sobriety check. (*Id*. ¶ 11.)

Plaintiff alleges that after he exited his vehicle, officers grabbed him, took him to the ground, handcuffed him, held him on the ground, and later transported him by ambulance to Sutter Delta Medical Center. (*Id*. ¶¶ 12-21.) Plaintiff alleges that he complained of pain and requested medical attention. (*Id*. ¶¶ 15-22.)

The blood draw allegations are brief. Plaintiff alleges:

- "At approximately 3:34 p.m. on April 3, 2026, Officer Graner submitted an affidavit seeking a search warrant for a forced blood draw from Plaintiff." (*Id*. ¶ 23.)

- "A Contra Costa County Superior Court judge signed the warrant authorizing a blood draw and permitting officers to use 'reasonable force' to obtain Plaintiff's blood." (*Id*. ¶ 24.)

- "Officers transported Plaintiff, still in handcuffs, to the Pittsburg Police Department where Plaintiff's blood was drawn. Plaintiff did not consent to the blood draw and was subjected to this invasive medical procedure under threat of force." (*Id*. ¶¶ 25-26.)

Plaintiff does not attach the warrant affidavit. He does not quote the warrant affidavit. He does not identify any allegedly false statement in the affidavit. He does not identify any allegedly omitted fact. He does not plead facts showing what information was presented to the judge. He does not allege who drew his blood, whether that person was medically qualified, how the draw was performed, what force was used during the draw, whether the draw caused any separate

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

injury, or why the procedure itself was medically or constitutionally unreasonable.

Plaintiff's Fourth Cause of Action is asserted against the City only. (*Id*. p. 10.) It alleges, on information and belief, that the City had unconstitutional policies, customs, practices, and longstanding failures in training, supervision, and discipline. (*Id*.) It further concludes that the City encouraged officers to conduct unsupported detentions and arrests, use excessive force, seek and execute warrants without adequate factual support, and disregard constitutional rights. (*Id*.) The claim does not identify any specific policy, final policymaker, prior similar incident, pattern of misconduct, or facts showing deliberate indifference.

### III.   LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(6) when it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff must do more than recite the elements of a claim; the complaint must include factual allegations sufficient to raise the right to relief above the speculative level. *Id*. at 545.

Courts accept well-pleaded factual allegations as true, but they do not accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals" of the elements, supported by conclusory statements, do not suffice. *Id*. Although pro se pleadings are liberally construed, pro se plaintiffs still must plead facts sufficient to state a plausible claim. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### IV.   ARGUMENT

**A. The Third Cause of Action Fails Because Plaintiff Does Not Plead Facts Showing the Warrant-Authorized Blood Draw Was Unreasonable.**

Plaintiff's Third Cause of Action is labeled, "Fourth Amendment — Unreasonable Search (Forced Blood Draw)." (ECF 1 p. 9.) It fails for three independent reasons.

First, Plaintiff admits the blood draw was authorized by a warrant signed by a Superior Court judge. Second, Plaintiff pleads no facts showing the warrant was procured through judicial deception or otherwise invalid. Third, Plaintiff pleads no facts showing the blood draw was

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

executed in an unreasonable manner.

      1.  <u>Plaintiff's lack of consent does not make a judge authorized blood draw</u> <u>unconstitutional</u>.

A blood draw is a search under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767 (1966). But that does not mean a compelled blood draw is automatically unconstitutional. The Fourth Amendment requires reasonableness. *Id*. at 768. In the blood draw context, courts consider whether there was lawful authorization for the search and whether the draw was performed in a reasonable manner. *Id*. at 771-72.

Here, Plaintiff affirmatively alleges judicial authorization. Officer Graner submitted an affidavit seeking a search warrant for Plaintiff's blood. (ECF 1 ¶ 23.) A Contra Costa County Superior Court judge signed the warrant. (*Id*. ¶ 24.) The warrant authorized the blood draw and permitted officers to use "reasonable force" to obtain Plaintiff's blood. (*Id*.)

Those allegations matter. Plaintiff cannot state a Fourth Amendment claim merely by alleging that he objected or did not consent. A search warrant authorizes a search despite the searched person's objection. That is the point of a warrant. Once Plaintiff alleges that a judge signed a warrant authorizing the blood draw, the Complaint must plead facts showing why the warrant or the manner of execution was unconstitutional. It does neither.

Plaintiff's allegation that the blood draw was an "invasive medical procedure" also does not state a claim. (ECF 1 ¶ 26.) Blood draws are invasive by nature. *Schmerber* recognized that blood draws involve an intrusion into the body, but also recognized that blood tests are common medical procedures involving minimal risk when performed in a reasonable manner. *Schmerber*, 384 U.S. at 771. Plaintiff must therefore plead facts showing that this blood draw was unreasonable. A bare allegation that the procedure was invasive is not enough.

      2.  <u>Plaintiff pleads no facts showing the warrant was invalid</u>.

Plaintiff alleges in conclusory fashion that the warrant "was unsupported by probable cause" and "did not provide a lawful basis" for the blood draw. (ECF 1 p. 9.) That is a legal conclusion, not a factual allegation.

A warrant signed by a neutral judge is not defeated by a plaintiff's bare assertion that

CITY'S MTD
3:26-CV-05201-AGT

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

probable cause was lacking. To challenge a warrant-based search under § 1983, a plaintiff must plead facts showing that the officer procured the warrant through material false statements or omissions, or that the warrant was otherwise constitutionally defective. See *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Chism v. Washington State*, 661 F.3d 380, 386, 389 (9th Cir. 2011). Under *Franks* and Ninth Circuit authority, the relevant inquiry is whether the officer intentionally or recklessly made false statements or omissions that were material to the probable cause determination. *Franks*, 438 U.S. at 155-56; *Chism*, 661 F.3d at 386.

Plaintiff pleads none of that. He does not allege what Officer Graner wrote in the affidavit. He does not identify any false statement. He does not identify any omitted fact. He does not allege facts showing Officer Graner acted intentionally or recklessly in presenting information to the judge. He does not allege facts showing that, if any statement were corrected or any omission added, the judge would not have issued the warrant.

Instead, Plaintiff alleges generally that he was not driving, had committed no crime, and had been detained without probable cause. (ECF 1 p. 9.) Those are conclusions. They do not identify a defect in the warrant. They do not show judicial deception. They do not explain what the judge was told or why the judge's probable-cause determination was constitutionally invalid.

The Complaint therefore does not state a plausible Fourth Amendment claim based on the issuance of the blood-draw warrant.

### 3. Plaintiff pleads no facts showing the blood draw was executed in an unreasonable manner.

Plaintiff also alleges that "the manner in which Defendants executed the warrant and carried out the blood draw constituted an unreasonable search and seizure under the circumstances." (ECF 1 p. 9.) Again, that is a conclusion.

The Complaint contains no facts about the blood draw procedure itself. Plaintiff does not allege who drew his blood. He does not allege that the person was unqualified. He does not allege that the equipment was unsafe. He does not allege that the setting was unsanitary. He does not allege that the draw was medically improper. He does not allege that officers used force during the insertion of the needle. He does not allege that the blood draw caused a separate injury. He

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

does not allege any facts showing that the procedure was performed in a manner inconsistent with accepted medical practice.

Plaintiff's broader force allegations relate to the earlier detention, arrest, handcuffing, ground restraint, and transport. Defendants are not moving to dismiss Plaintiff's excessive force claim at this time. But Plaintiff cannot transform his excessive-force claim into a separate unreasonable search claim merely by incorporating all prior paragraphs and then adding that the blood draw was done "under threat of force." (ECF 1 ¶ 26.) The warrant itself allegedly authorized reasonable force. (*Id*. ¶ 24.) Plaintiff must plead facts showing that the force used to execute the blood draw was unreasonable. He does not.

Nor is it enough to allege that Plaintiff was handcuffed when transported to the Pittsburg Police Department. (*Id*. ¶ 25.) Handcuffing during custody does not, by itself, make a judge-authorized blood draw unconstitutional. Plaintiff alleges no facts tying the handcuffs to the blood draw procedure itself or showing that the manner of drawing blood was unreasonable.

The Third Cause of Action therefore fails as pleaded and should be dismissed.

### B. The Fourth Cause of Action Fails Because Plaintiff Pleads Only Conclusory *Monell* Allegations.

Plaintiff's Fourth Cause of Action asserts municipal liability against the City of Pittsburg under *Monell*. The claim should be dismissed because it is entirely conclusory.

A municipality is not vicariously liable under § 1983 for the acts of its employees. *Monell*, 436 U.S. at 691. Municipal liability attaches only when a municipal policy, custom, or practice is the "moving force" behind a constitutional violation. *Id*. at 694. To state a *Monell* claim, a plaintiff must plead facts showing: (1) a constitutional deprivation; (2) a municipal policy, custom, or practice; (3) deliberate indifference; and (4) that the policy, custom, or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

The Supreme Court has emphasized that courts must apply "rigorous standards of culpability and causation" before imposing municipal liability. *Board of County Commissioners v. Brown*, 520 U.S. 397, 405 (1997). The Ninth Circuit likewise requires *Monell* plaintiffs to

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

plead sufficient underlying facts to give fair notice and plausibly suggest entitlement to relief. *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Conclusory allegations of a policy, custom, or failure to train are not enough. *Dougherty*, 654 F.3d at 900-01. Plaintiff's *Monell* claim fails under these standards.

1.   Plaintiff does not identify any unconstitutional City policy.

Plaintiff alleges that the City had unconstitutional "policies, customs, practices, and longstanding failures" related to training, supervision, and discipline. (ECF 1 p. 10.) He also alleges that these policies encouraged unsupported detentions and arrests, excessive force, unsupported warrants, and disregard of constitutional rights. (*Id*.)

Those allegations merely recite *Monell* categories. Plaintiff does not identify an actual City policy. He does not quote a policy. He does not describe a specific policy. He does not allege when the policy was adopted, who adopted it, how it operated, or how it caused the alleged events. He does not allege that any written policy directed officers to detain people without reasonable suspicion, use excessive force, seek unsupported warrants, or disregard constitutional rights.

A complaint cannot state a *Monell* claim by alleging, in substance, that because something unconstitutional allegedly happened, there must have been an unconstitutional policy. That is respondeat superior by another name, and *Monell* forbids it.

2.   Plaintiff does not plead a widespread custom or practice.

A custom or practice must be so "persistent and widespread" that it constitutes a permanent and well-settled municipal practice. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). A single incident ordinarily does not establish a municipal custom. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff alleges one incident: his own. He does not identify any prior similar incident involving Pittsburg officers. He does not identify any other person allegedly subjected to the same conduct. He does not allege a pattern of unsupported detentions, excessive force against nonresistant people, unsupported blood draw warrants, or improper warrant executions. He does not allege facts showing frequency, duration, similarity, or notice.

7

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

Without those facts, Plaintiff has not pleaded a municipal custom. He has pleaded only an isolated incident followed by conclusory labels. That is not enough.

### 3. Plaintiff does not plead deliberate indifference for a failure to train or failure to supervise theory.

Plaintiff's failure to train and failure to supervise allegations also fail.

Failure to train can support municipal liability only where the failure amounts to deliberate indifference to constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference is a stringent standard. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). It ordinarily requires a pattern of similar constitutional violations that put policymakers on notice that existing training or supervision was inadequate. *Id*. at 62; *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141-42 (9th Cir. 2020).

Plaintiff pleads no such pattern. He does not identify any specific training deficiency. He does not allege what training Pittsburg officers received, what training they should have received, how the training was deficient, who knew it was deficient, or how any deficiency caused the events alleged. He does not plead facts showing that City policymakers were on notice of similar prior incidents and deliberately chose not to act.

The Complaint's assertion that the City failed to provide adequate training, supervision, and accountability is the kind of boilerplate allegation courts routinely dismiss. It is a legal conclusion unsupported by facts.

### 4. Plaintiff does not plead ratification.

Plaintiff also appears to suggest that the City failed to investigate or discipline officers after the incident. (ECF 1 p. 10.) To the extent Plaintiff intends to plead ratification, that theory fails.

Ratification requires facts showing that an authorized final policymaker approved a subordinate's unconstitutional decision and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Mere failure to discipline or failure to overrule a subordinate is not enough. *Gillette v. Delmore*, 979 F.2d 1342, 1346-48 (9th Cir. 1992). Nor is a failure to investigate a single incident sufficient to establish ratification. *City of St. Louis v. Praprotnik*, 485 U.S. 112,

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

127, 130 (1988).

Plaintiff does not identify any final policymaker. He does not allege that any final policymaker reviewed the incident. He does not allege that any final policymaker approved Officer Graner's alleged conduct. He does not allege that any final policymaker approved the basis for the conduct. He alleges only, in general terms, that the City failed to investigate, supervise, discipline, or take corrective action. That is not ratification.

Plaintiff's post-incident allegations also do not establish causation. A later alleged failure to investigate or discipline cannot have caused the earlier detention, alleged force, or blood draw. *Monell* requires the municipal policy or custom to be the moving force behind the constitutional violation. Plaintiff pleads no facts showing that any post-incident conduct caused the alleged incident.

5. <u>The *Monell* claim cannot proceed based on the blood draw theory because Plaintiff has not pleaded a viable underlying blood draw violation</u>.

To the extent Plaintiff's *Monell* claim is based on the forced blood draw, it fails for an additional reason: Plaintiff has not pleaded a viable underlying Fourth Amendment violation based on the blood draw.

As explained above, Plaintiff alleges that a judge signed a warrant authorizing the blood draw and the use of reasonable force. (ECF 1 ¶ 24.) Plaintiff does not plead facts showing that the warrant was procured through material false statements or omissions. He also does not plead facts showing that the blood draw was performed in an unreasonable manner.

Because Plaintiff fails to plead an underlying constitutional violation based on the warrant-authorized blood draw, he cannot impose *Monell* liability on the City based on that theory. *Monell* liability requires an actual constitutional deprivation caused by a municipal policy or custom. *Dougherty*, 654 F.3d at 900.

Defendants recognize that Plaintiff also pleads individual claims for unreasonable seizure and excessive force, and Defendants are not moving to dismiss those claims at this time. But even assuming those individual claims proceed, the *Monell* claim still fails because Plaintiff does not plead facts connecting any alleged constitutional violation to an actionable City policy, custom,

training failure, supervision failure, ratification, or final policymaker decision.

## V.    CONCLUSION

This motion is narrow. Defendants are not asking the Court to resolve the factual disputes about Plaintiff's detention or alleged force. Defendants seek dismissal only of the Third Cause of Action to the extent it challenges the warrant-authorized blood draw, and the Fourth Cause of Action for *Monell* liability.

Plaintiff's blood draw claim fails because he alleges that a Superior Court judge signed a warrant authorizing the blood draw and permitting reasonable force, but he pleads no facts showing judicial deception, lack of probable cause, or unreasonable execution of the blood draw. Plaintiff's *Monell* claim fails because it is boilerplate. He identifies no City policy, no widespread custom, no pattern of similar incidents, no final policymaker, no deliberate indifference, no ratification, and no causal link between a City policy and his alleged injury.

For these reasons, Defendants respectfully request that the Court dismiss the Third Cause of Action to the extent it challenges the warrant-authorized blood draw and dismiss the Fourth Cause of Action against the City of Pittsburg.

Dated:  June 30, 2026                              CASTILLO, MORIARTY, ROBINSON, LLP

By:  */s/ John Robinson*
PATRICK MORIARTY
JOHN ROBINSON
Attorneys for Defendant
CITY OF PITTSBURG and GERRY GRANER

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015