PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, ROBINSON
75 Southgate Avenue
Daly City, CA 94015
Telephone: (415) 213-4098

Attorneys for Defendants
CITY OF PITTSBURG and GERRY GRANER

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS STURGIS;<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PITTSBURG, OFFICER GERRY GRANER, and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-05201-RFL<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: October 7, 2026<br>Time: 10:00 a.m.<br><br>Judge Rita F. Lin |

Pursuant to this Court's Order (Dkt. 24), Defendants submit this Case Management Conference Statement. Defendants' counsel was unable to obtain Plaintiff's input and therefore does not submit a joint statement.

On September 28, 2026, counsel emailed Plaintiff a draft joint statement and requested his input by noon on September 30. Receiving no response, counsel followed up by email on September 29. Plaintiff responded hours later requesting a phone call but did not provide any updates to the statement. Counsel advised that they were unavailable. Plaintiff then responded only to counsel's paralegal (not to counsel's email) stating: "Hello this is Sturgis again can someone give me a call I am trying to complete this joint case management conference today." Counsel attempted to reach Plaintiff by phone as he requested, left a voicemail, and followed up again by email. No response was received.

**1. JURISDICTION AND SERVICE:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), in that Plaintiff's claims for relief arise under 42 U.S.C. §1983. All parties have been served, and no issues exist regarding personal jurisdiction.

**2. FACTS:**

**Defendant's Version of Facts**

On April 3, 2026, Pittsburg Police Officer Gerry Graner was on patrol at Riverview Park, an area known for narcotics activity, when he found Plaintiff Lamos Sturgis in the driver's seat of a vehicle Graner recognized from the day before. The vehicle's registered owner had an active restraining order against Sturgis. When Graner approached, Sturgis tried to drive away before stopping.

Graner then observed clear signs of intoxication: bloodshot, watery eyes, a heavy odor of alcohol, slurred speech, and what looked like a marijuana cigarette in plain view. Sturgis refused to identify himself and grew increasingly agitated as Graner tried to determine whether he was driving lawfully and whether the protected party was nearby.

Force entered the picture only after Sturgis ignored commands, reached toward his clothing and the vehicle despite warnings, and physically fought officers' efforts to detain him. He pulled away, clenched his fists, and kept resisting as more officers arrived. Once handcuffed, officers found marijuana, drug paraphernalia, and pepper spray in the vehicle, and Graner obtained a warrant for a blood draw.

Sturgis was arrested for resisting arrest, unlawful possession of pepper spray, and driving under the influence. The evidence will show the detention, arrest, and force used were reasonable.

**3. Principal Factual Issues in Dispute:**

- Whether officers had reasonable suspicion to detain and probable cause to arrest Plaintiff;
- Whether Plaintiff resisted, delayed, or obstructed the officers;
- Whether the force used by officers was reasonable under the circumstances;
- Whether the warrant authorized blood draw was reasonably executed; and
- The nature and extent of Plaintiff's alleged injuries and damages.

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**4. Legal Issues**

Plaintiff alleges claims under 42 U.S.C. § 1983 for unreasonable seizure/false arrest, excessive force, unreasonable search arising from a warrant authorized blood draw, and municipal liability under *Monell*.

Adjudication of Plaintiff's claims and Defendants' defenses will depend on the resolution of the following principal legal issues, in addition to the factual disputes above:

1. Whether officers had reasonable suspicion to detain Plaintiff and probable cause to arrest him;
2. Whether the force used during Plaintiff's detention and arrest was objectively reasonable under the Fourth Amendment;
3. Whether Plaintiff states a viable Fourth Amendment claim arising from the warrant-authorized blood draw;
4. Whether Plaintiff states a viable claim for municipal liability against the City of Pittsburg under *Monell*;
5. Whether Officer Graner is entitled to qualified immunity; and
6. If the Third and Fourth Causes of Action survive Defendants' pending motion to dismiss, whether Plaintiff can ultimately establish those claims on the merits.

This is a non-exhaustive list.

**5. Motions**

**Defendants:**

Defendants have a pending motion to dismiss Plaintiff's Third Cause of Action for unreasonable search arising from the blood draw and Plaintiff's Fourth Cause of Action for municipal liability under *Monell*. The motion does not seek dismissal of Plaintiff's claims for unreasonable seizure/false arrest or excessive force.

Defendants will also file a motion for summary judgment as to Plaintiff's remaining claims, including whether the detention and arrest were lawful, whether the force used was objectively reasonable, and whether Officer Graner is entitled to qualified immunity.

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**6. Amendment of the Pleadings**

None anticipated.

**7. Evidence Preservation**

Defendants have taken all steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

**8. Disclosures**

Defendants agree to serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**9. Discovery**

Defendants do not propose any limitations or modifications to the FRCP discovery rules.

**10. Class Action**

This case is not a class action.

**11. Related Cases**

None.

**12. Relief**

Plaintiff seeks monetary relief.

Defendants will conduct discovery into Plaintiff's damages claims. Defendants contend that the Officer Graner acted reasonably and deny liability on all claims.

**13. Settlement and ADR:**

Defendants do not believe a Mandatory Settlement Conference or mediation would be productive at this time. Defendants seek to resolve the pleading issues and depose Plaintiff before attending a mandatory settlement conference. If the Court disagrees, Defendants will of course comply with the Court's Order.

**14. Consent to Magistrate For All Purposes**

One or more parties declined Magistrate jurisdiction.

**15. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**16. Narrowing of Issues**

Defendants are presently unaware of any issues that can be narrowed by agreement; nor suggestions to expedite the presentation of evidence at trial (*e.g.*, through summaries or stipulated facts); or any request to bifurcate issues, claims, or defenses. They request that this issue be revisited at a further case management conference.

**17. Expedited Schedule**

The present matter is not the type of case that can be handled on an expedited basis with streamlined procedures.

**18. Scheduling**

Defendants believe that a case schedule would be premature at this time because Defendants' motion to dismiss remains pending and may affect the claims and issues that will proceed in this action. Defendants therefore request that scheduling deadlines be addressed after the pleadings and operative claims have been resolved.

**19. Trial**

Defendants demand a jury trial. A four-day trial is estimated.

**20. Disclosure of Non-party Interested Entities or Persons:**

None.

**21. Professional Conduct**

All attorneys of record have reviewed the Guidelines.

**22. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None.

Dated: September 30, 2026

CASTILLO, MORIARTY, ROBINSON, LLP

By: */s/ John Robinson*
PATRICK MORIARTY
JOHN ROBINSON
Attorneys for Defendants
CITY OF PITTSBURG and GERRY GRANER

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015