UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS STURGIS,<br>Plaintiff,<br>v.<br>CITY OF PITTSBURG, et al.,<br>Defendants. | Case No. 26-cv-05201-RFL<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Plaintiff Lamos Sturgis, who is proceeding without an attorney, alleges that he was wrongfully and forcefully detained by officers from the Pittsburg Police Department after he returned from a day of fishing. He alleges that Defendant Officer Gerry Graner forced and held Sturgis to the ground for over an hour, causing severe pain and visible injuries. Sturgis was eventually taken to the hospital, at which point Officer Graner obtained a search warrant allowing a forced blood draw. Sturgis was then transported in handcuffs to the Pittsburg Police Department where his blood was drawn. In total, Sturgis alleges that he was detained and handcuffed for over twelve hours without proper medical care. Based on these allegations, Sturgis brings three claims for relief under 42 U.S.C. § 1983 against Defendants Graner and Does 1–10: (1) unreasonable seizure and false arrest in violation of the Fourth Amendment; (2) excessive force in violation of the Fourth Amendment; and (3) unreasonable search, via a forced blood draw, in violation of the Fourth Amendment. Sturgis additionally brings one claim for municipal liability under Section 1983 against the City of Pittsburg. Defendants move to dismiss the forced blood draw and municipal liability claims; they do not challenge the unreasonable seizure and excessive force claims at this stage. For the reasons described below, the Partial

Motion to Dismiss is **GRANTED** and Sturgis's claims for unreasonable search via forced blood draw and municipal liability are **DISMISSED WITH LEAVE TO AMEND**.

***Forced Blood Draw Claim.*** Sturgis's Complaint does not contain sufficient allegations to support his forced blood draw claim. The Fourth Amendment prohibits "unreasonable searches" including the unreasonable "taking of a blood sample." *Birchfield v. North Dakota*, 579 U.S. 438, 455 (2016). Typically, a warrant must be secured before forcefully drawing a person's blood. *See id.* at 455, 476; *see also Revelles v. Stout*, 103 F. App'x 622, 626 (9th Cir. 2004). Where a warrant has been secured, a plaintiff may still challenge the validity of the warrant and the reasonableness of the blood draw.[1] Although search warrants are presumptively valid, a plaintiff may challenge the validity of a warrant by alleging that it was based on an affidavit that "contains intentionally or recklessly false statements" and that "the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir.). Even where the search warrant is valid, a plaintiff may still allege that the defendant used unreasonable procedures in executing the warrant and drawing their blood. Blood draws must not be "conducted in an unnecessarily cruel, painful, or dangerous manner" and should "be taken by trained medical personnel in accordance with accepted practices." *Revelles*, 103 F. App'x at 626 (*quoting Thompson v. City of Los Angeles*, 885 F.2d 1439, 1447 n.7 (9th Cir. 1989); *United States v. Chapel*, 55 F.3d 1416, 1418 (9th Cir. 1995)).

Sturgis alleges that Officer Graner obtained a search warrant for a forced blood draw from a Contra Costa County Superior Court judge that authorized officers to use "reasonable force" in drawing Sturgis's blood. (Dkt. No. 1 ¶¶ 23–24.) He then alleges that he was subjected "to this invasive medical procedure under threat of force" while at the Pittsburg Police Department. (*Id.* ¶¶ 25–26.) He does not allege any facts supporting a plausible inference that the search warrant was invalid or contained intentional or recklessly false statements that were

---

[1] Though not pleaded here, a plaintiff may also allege that a blood draw was conducted using excessive force in violation of the Eighth Amendment. *See Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011).

material to the issuance of the warrant. Nor does he allege that the officers used unreasonable force or methods while drawing his blood. At most, he alleges that his blood was drawn at the Pittsburg Police Department instead of the hospital and that it was taken while he was still handcuffed. (*Id.*) But blood draws do not need to occur in medical facilities, and blood may be reasonably drawn while the person is handcuffed. *See Revelles*, 103 F. App'x at 627 (finding a blood draw taken in jail was reasonable); *see also Hamilton*, 630 F.3d at 897 (finding no constitutional violation where the plaintiff did "not allege that he was subject to physical force in connection with the taking of the blood sample beyond being handcuffed and then restrained in a chair."). No allegations suggest that the person who drew his blood was unqualified or that the blood draw caused "pain beyond the needle stick and the discomfort of the temporary restraint." *Hamilton*, 630 F.3d at 897 (finding no excessive force in violation of the Eighth Amendment).

In the Opposition brief, Sturgis does include facts suggesting that the search warrant may have been invalid. (*See* Dkt. No. 22.) But generally, courts may look only to the allegations in the complaint when assessing a motion to dismiss, and may not look to facts included only in the parties' briefing. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). If Sturgis chooses to amend, he may include these facts and any other appropriate allegations in his amended complaint. Sturgis's forced blood draw claim is therefore dismissed with leave to amend.

***Municipal Liability Claim.*** Sturgis has also failed to sufficiently plead a claim for municipal liability. Municipalities may be held liable under *Monell* "only for their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation modified). Vicarious liability is not available. *Id.* To state a Section 1983 claim against the City, Sturgis must therefore allege "(1) [that he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (citation omitted). The policy requirement can be satisfied by showing a "longstanding practice or custom." *Id.* Such circumstances may arise when, for

instance, the public entity fails "to implement procedural safeguards to prevent constitutional violations," and the failure amounts to deliberate indifference. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (setting out a similar standard for failure to train claims). Liability may also be found where a final policymaker knows and approves of a subordinate's constitutional violation. *See Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). However, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Sturgis has not sufficiently alleged that the constitutional violations were driven by a City policy. First, he does not identify any formal City policies relating to the violations in his Complaint. Sturgis discusses several policies in his Opposition, but he does not allege that these policies are unconstitutional. And regardless, the Court may only consider allegations made in the Complaint.

Second, Sturgis does not allege that the violations were part of a longstanding custom or practice. Sturgis describes additional incidents in his Opposition, but the Court cannot rely upon these statements when assessing the sufficiency of Sturgis's Complaint. In the Complaint, Sturgis only alleges facts concerning a single incident that occurred on one day and involved only himself. He alleges generally that the City "maintained customs or practices," but these allegations are conclusory and lack factual support beyond the single incident Sturgis faced. (Dkt. No. 1 at 10 (all citations to ECF pagination).)

Third, for these same reasons, Sturgis has also failed to state a *Monell* claim based on the City's failure to train or supervise. He alleges that the "City's policies, customs, practices, and longstanding failures in training, supervision, and discipline . . . were a moving force behind and directly caused the violations," but these allegations are likewise too conclusory to support his claim. (*Id.*)

Fourth and finally, Sturgis has not alleged that a final policymaker approved of both a

subordinate's unconstitutional decision and the basis for that decision. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Sturgis's claim for municipal liability is therefore dismissed with leave to amend.

***Conclusion.*** The Partial Motion to Dismiss is **GRANTED** and Sturgis's claims for unreasonable search via forced blood draw and municipal liability are **DISMISSED WITH LEAVE TO AMEND**. If Sturgis wishes to file an amended complaint correcting the deficiencies identified in this Order, he must do so by **November 13, 2026**. Sturgis is advised that the Court cannot refer to prior pleadings to make an amended complaint complete. Any amended complaint must be complete in itself, including all claims and parties, because it replaces the previously filed complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Defendants' deadline to respond to the amended complaint (if one is filed) or to answer the existing complaint (if no amended complaint is filed) shall be **November 27, 2026**.

**IT IS SO ORDERED.**

Dated: October 13, 2026

RITA F. LIN
United States District Judge